**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael A. SMITH, Jr., Defendant–
Appellant.**

**No. 05–3973–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

Bradley E. Tyler, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Rochester, NY, for Plaintiff–Appellee.

Jay S. Ovsiovitch, (Robert G. Smith, Assistant Federal Defender for the Western District of New York, on the brief), Rochester, NY, for Defendant–Appellant.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Michael Smith, Jr. appeals from a July 8, 2005 judgment of the United States District Court for the Western District of New York (Siragusa, J.) convicting him, following a jury trial, of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of cocaine base, in violation of 21 U.S.C. § 844(a); and failure to appear at sentencing, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i). He was sentenced principally to a term of 324 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Reviewing the district court's decision for unreasonableness, *see United*

*States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006) (citing *United States v. Booker,* 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)), without presuming that it is so, *cf. Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2462, 168 L.Ed.2d 203 (2007), we find no merit to Smith's claim that the district court imposed a procedurally unreasonable sentence when, pursuant to U.S.S.G. § 2D1.1, it converted $4,500 in cash seized from Smith's bedroom wastepaper basket to an equivalent drug amount of 45 grams of cocaine base. As an initial matter, at Smith's sentencing hearing, the district court adopted the findings of the probation officer's presentence investigation report ("PSR"), which reasonably concluded that the amount of cocaine that "accurately reflect[ed] the scale of this offense" included both the seized cocaine base and the 45 grams converted from the seized currency. Thus, we need not address Smith's contention that the sentencing court, in all instances, must make a specific finding that "the amount seized does not reflect the scale of the offense," *see* U.S.S.G. § 2D1.1, cmt. n. 12 (2004), before converting currency to its equivalent weight in drug quantity. *See United States v. Prince,* 110 F.3d 921, 924 (2d Cir.1997) ("A district court satisfies its obligation to make findings sufficient to permit appellate review ... if the court indicates, either at the sentencing hearing or in the written judgment, that it is adopting the recommendations in the PSR." (alteration in original) (internal citation omitted)).

■ Further, we reject Smith's claim that the district court erred when it determined his quantity of drugs for sentencing purposes. Smith's reliance on *United States v. Shonubi,* 103 F.3d 1085, 1089 (2d Cir.1997), is unavailing. The "specific evidence" standard set forth in *Shonubi* requires "evidence that points specifically to

a drug quantity for which the defendant is responsible," in order to calculate a defendant's base level offense. 103 F.3d at 1089–90. Here, officers observed Smith selling cocaine base and seized $4,500 in cash, bundled in rubber bands by denomination, from a bedroom wastebasket that also contained hundreds of individually packaged bags of cocaine base, a small scale, and a loaded revolver. Smith admitted in a signed statement that he kept his gun and drugs in the wastebasket, which he knew also contained $5,000 in cash. In light of the evidence particular to Smith's drug possession, including Smith's own admissions, we find that the district court's calculation of the drug quantity was not clearly erroneous. *See Prince,* 110 F.3d at 924. Accordingly, we find no procedural error in the district court's sentence.

Finally, we reject Smith's claim that the district court erred by considering acquitted conduct to enhance his sentence. Smith concedes that this argument is foreclosed by our decision in *United States v. Vaughn,* 430 F.3d 518, 526–27 (2d Cir. 2005), *cert. denied sub nom. Lindo v. United States,* 547 U.S. 1060, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006), but we acknowledge that Smith raises this challenge to preserve it.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of conviction is AFFIRMED.